[20948.   Department Two.— May 11, 1893.]

## THE PEOPLE, RESPONDENT, v. JOHN SANSOME, APPELLANT.

CRIMINAL LAW—EVIDENCE—FAILURE OF DEFENDANT TO TESTIFY—COMMENT BY DISTRICT ATTORNEY—NEW TRIAL—WAIVER OF ERROR.—Where the defendant in a criminal case fails to testify in his own behalf, the district attorney has no right in addressing the jury to comment upon such failure; but error in making such comments can only be availed of on motion for new trial, and is waived unless properly presented upon the record of such motion.

ID.—VIVA VOCE MOTION FOR NEW TRIAL—STATEMENT OF GROUNDS—BILL OF EXCEPTION.—Where, upon appeal from an order denying a *viva voce* motion for a new trial in a criminal case, the bill of exceptions fails to show that the alleged error was stated as a ground of the motion, or that the attention of the trial court was called to it, the alleged error must be regarded as waived.

ID.—MISCONDUCT OF JURORS—DRINKING OF INTOXICATING LIQUORS.—The drinking of intoxicating liquors by some of the jurors, in a criminal action, after the case was submitted to them and before verdict, while in charge of an officer who had taken them out to dinner, is not such misconduct on their part as to warrant a reversal of the judgment, if they were not affected by the liquor which they drank.

ID.—SETTING ASIDE INFORMATION—PRELIMINARY EXAMINATION—SUBSTITUTION OF JUSTICE OF DIFFERENT TOWNSHIP.—An information cannot be set aside upon the ground that the defendant was examined and held to answer by a justice of the peace of a different township from that of the justice before whom the complaint was filed, and who issued the warrant for the arrest, where it appears that such other justice was called in pursuant to section 105 of the Code of Civil Procedure to act as a committing magistrate, in place of the justice who issued the warrant and at his request.

ID.—TESTIMONY OF ACCOMPLICE—INSTRUCTION AS TO MATTER OF FACT.—It is not allowable in a criminal prosecution, where a witness is claimed to have testified as an accomplice, to instruct the jury as to the matter of fact whether the witness was an accomplice of the defendant.

ID.—BURGLARY—POSSESSION OF STOLEN PROPERTY—SUFFICIENCY OF PROOF.—In a criminal prosecution for burglary, where it was proved that a burglary had been committed, and that property then stolen was subsequently found in the possession of the defendant, a verdict of conviction will not be reversed upon the alleged ground of absence of proof connecting the defendant with the commission of the burglary.

ID.—REFUSAL TO ARREST JUDGMENT—NON-APPEALABLE ORDER.—An order denying a motion in arrest of judgment in a criminal case is not appealable.

APPEAL from a judgment of the Superior Court of Placer County, from an order denying a new trial, and from an order denying an arrest of judgment.

The facts are stated in the opinion of the court.

*L. L. Chamberlain,* for Appellant.

The failure to become a witness in his own behalf is not a circumstance to be considered by the jury as tending to establish

the guilt of the defendant, and it was error to permit counsel so to argue. (*People* v. *Brown*, 53 Cal. 66; *People* v. *McGungill*, 41 Cal. 429; *People* v. *Tyler*, 36 Cal. 522. See *People* v. *Lee Chuck*, 78 Cal. 327; *People* v. *Bowers*, 79 Cal. 415; *People* v. *Ah Len*, 92 Cal. 282; *Angelo* v. *People*, 96 Ill. 213.) The admitted indulgence in intoxicating liquor constituted misconduct on the part of the jury sufficient to reverse the judgment. (*People* v. *Lee Chuck*, 78 Cal. 317; *People* v. *Douglass*, 4 Cowen, 26; *Leighton* v. *Sargent*, 31 N. H. 119; *People* v. *Gray*, 61 Cal. 186.)

*Attorney-General W. H. H. Hart, Deputy Attorney-General W. H. Layson,* and *A. K. Robinson,* for Respondent.

The justice of one township has the right to hold court for another justice of the same county. (Code Civ. Proc., sec. 105.) It is to be presumed, moreover, that the court was acting in the lawful exercise of his jurisdiction. (Code Civ. Proc., sec. 1963; *In re Newman*, 75 Cal. 213.) The right of the court to sit cannot be collaterally inquired into. (*People* v. *Mellon*, 40 Cal. 648, 656; *People* v. *Sassovich*, 29 Cal. 485; *Hull* v. *Superior Court*, 63 Cal. 177; *People* v. *Provines*, 34 Cal. 520, 523.) No appeal lies from an order denying a motion for arrest of judgment. (*People* v. *Dolan*, 96 Cal. 315; *People* v. *Markham*, 64 Cal. 157.) The order denying the motion in arrest of judgment was properly affirmed, as the motion failed to state the grounds upon which it was based. (*People* v. *Dolan*, 96 Cal. 315; *People* v. *Markham*, 64 Cal. 157.) The grounds upon which the motion for a new trial is based are not set out in the bill of exceptions, and the order denying the motion cannot therefore be reviewed. (*People* v. *Ah Sam*, 41 Cal. 645, 651.) The jurors denied that they were materially affected by the liquor drank, and the issue was one of fact for the trial judge. (*People* v. *Deegan*, 88 Cal. 602.) But any objection to the conduct of the jurors was waived by failure to object at the trial. (*People* v. *Deegan*, 88 Cal. 602; *Ipswitch* v. *Fernandez*, 84 Cal. 639.)

The Court. — The defendant was charged by information with the crime of burglary, committed at Iowa Hill, in the

county of Placer, on the tenth day of May, 1891. He was arraigned and pleaded not guilty to the charge. At the trial witnesses were called and examined by the people and by defendant, but the latter did not take the stand and testify in his own behalf. At the conclusion of the evidence the district attorney made an opening argument to the jury, speaking about thirty minutes. Defendant's counsel then declined to make any argument at all. The court thereupon instructed the jury, and they retired to deliberate upon their verdict. Within a reasonable time the jury returned and presented to the court their verdict, finding the defendant guilty of burglary in the second degree. Time was then fixed for pronouncing judgment, and when that time arrived counsel for defendant moved the court in arrest of judgment and for a new trial, but upon what grounds does not appear from the record, except that in support thereof he presented, read, and filed five affidavits to show misconduct on the part of certain jurors. The time for passing sentence was then, on motion of the district attorney, postponed to give him time to procure and file counter-affidavits, and within the time allowed counter-affidavits of nine of the jurors were filed. The court subsequently denied both motions, and stated, as one of the reasons for doing so, that at the time the motion for new trial was submitted, the court called upon and requested the attorney for defendant to designate and draw the attention of the court to any errors alleged to have been committed, and to the particulars wherein he claimed that the evidence was insufficient, and that the request was not complied with or attempted to be complied with. The court then entered judgment that the defendant be punished by being imprisoned in the state prison for the term of nine years. From this judgment and the order denying his motion for new trial and his motion in arrest of judgment, the defendant appeals.

The principal grounds presented and relied upon for a reversal of the judgment are as follows:—

1. While the district attorney was making his opening speech to the jury, he remarked: "True, we have not shown that defendant was in the immediate vicinity of Iowa Hill about the time of the burglary, but Mr. Conroy has testified that he believes he saw this defendant in the town of Auburn on the

30th of April, 1891, ten days before the alleged burglary, and I say to you, gentlemen, the defendant was there and committed this offense, or why does he not go upon the stand like a man and tell where he was." The record shows that the attorney for defendant at once "interrupted the district attorney and objected to any argument being made upon the failure of defendant to take the stand and testify in his own behalf." And the "court thereupon instructed the district attorney that this was not a legitimate argument, and instructed the jury that they were not to consider the remarks made by the district attorney upon the failure of the defendant to take the stand in determining their verdict." And "the district attorney thereupon, in a few words, proceeded to assert to the jury that the ruling of the court was correct, and the court thereupon suggested that there be no further reference, whether favorable or unfavorable, to the matter, and the district attorney did not further refer to it." It is argued that these remarks of the district attorney, notwithstanding the ruling of the court, constituted "error prejudicial to the defendant and sufficient to reverse the judgment."

The Penal Code provides that a defendant in a criminal action or proceeding cannot be compelled to be a witness against himself, and "his neglect or refusal to be a witness cannot in any manner prejudice him nor be used against him on the trial or proceeding." (Sec. 1323.) It is clear, in view of this plain provision of the statute, that the district attorney had no right to make the remarks complained of, and it is to be regretted that prosecuting officers, in their zeal to procure convictions, so often forget that they are under as much obligation to give one accused of crime a fair and impartial trial as is the judge upon the bench ; but, while the remarks were not legitimate or proper argument, still it hardly seems possible that intelligent jurors could have been influenced by them to the prejudice of the defendant, after they were instructed by the court that they were not to consider them in making up their verdict.

Conceding, however, that they constituted error, still it was an error that could only be availed of by a motion for a new trial, and the question is can the defendant, upon the record presented here, be heard to complain of that error?

A motion for a new trial in a criminal case may be and ordinarily is made *viva voce*, and if it is denied and the defendant wishes to appeal, a bill of exceptions may then be prepared, setting forth so much of the evidence and the rulings as are relied upon to show error; but in making such a motion the grounds relied upon should be stated and the attention of the court called to them at the time, and the bill of exceptions should show that such was the fact, or the order will not be reviewed on appeal. This is a well-settled rule where a motion in arrest of judgment has been made and denied in a criminal case (*People* v. *Dick*, 37 Cal. 277); and also where a motion for nonsuit has been made and denied in a civil case (*Coffey* v. *Greenfield*, 62 Cal. 602; *Shain* v. *Forbes*, 82 Cal. 577); and we think it equally applicable to a motion for new trial in a criminal case. Here the bill of exceptions fails entirely to show that the alleged error under review was stated as a ground of the motion for new trial, or that the attention of the court below was in any way called to it; and it must therefore be regarded as waived.

2. The affidavits read by defendant at the time his motion for new trial was made were to the effect that the case was submitted to the jury at about 11:50 A. M. and that at 1:10 P. M., before they had agreed upon a verdict, they were taken by the officer in charge of them to a hotel for dinner, and that before eating four of the jurors took drinks of whisky at the bar of the hotel. In the counter-affidavits two of the jurors admitted that at the time and place named they each "took one small drink of liquor," but denied that they were drunk or intoxicated, or in any way affected thereby. The other two jurors named denied that they drank any intoxicating liquor at all, and each of the nine counter-affidavits denied that any of the jurors appeared to be under the influence of liquor while the case was pending before them. It is argued that the admitted indulgence in intoxicating liquor by two of the jurors constituted misconduct on the part of the jury sufficient to reverse the judgment. We do not think this position can be maintained. If the two jurors who drank a little liquor were not affected by it, and in view of the conflicting affidavits and the action of the court below, it must be assumed that they were not, then it would seem that neither law nor sound reason would

require the judgment to be reversed on this ground. (*People* v. *Deegan*, 88 Cal. 602.)

3. When the defendant was called upon to plead to the information, he moved the court to set it aside upon the ground, among others, that he was examined and held to answer by a magistrate, other than the one before whom the complaint was filed and who issued the warrant for his arrest. The motion was denied and an exception reserved. The record shows that the complaint was filed before J. F. Macey, a justice of the peace in and for township No. 7 in Placer County, and a warrant was then issued, and under it defendant was arrested and brought before the said justice; that a time was then fixed for the examination, and at the time appointed the defendant appeared in person and by his attorney, and the people by the district attorney; that Justice Macey then stated that he was too ill to proceed with the examination, and thereupon he substituted Amos Stevens, a justice of the peace of township No. 4 in said county, to act as committing magistrate in his place; that defendant objected to any one hearing the preliminary examination except the one before whom the complaint was sworn to, and that. notwithstanding the objection, Justice Stevens proceeded to hold the examination, and after hearing the evidence, held the defendant to answer before the superior court of the county. It is argued that there is no provision of law authorizing one justice suddenly to call in another justice from a different township to continue or conclude a preliminary examination, and hence that the examination was not properly held, and the information should have been set aside. A sufficient answer to this point is found in section 105 of the Code of Civil Procedure, which provides:—

"A justice of the peace of any township may hold the court of any other justice of the peace of the same county, at his request, and while so acting shall be vested with the power of the justice for whom he so holds court," etc.

4. It is urged that it was plain from the testimony of the witness Kelley that he was an accomplice of the defendant, if defendant committed the crime alleged, and the court should have so instructed the jury; but the court fully and properly instructed the jury as to the weight and effect of the testimony

of an accomplice, and to have gone further and told them that
Kelley was an accomplice would have been clearly a charge
"with respect to matters of fact," which is not allowed.

5. It is also urged that there was no evidence to connect
the defendant with the commission of the burglary charged, and
that if any crime was proven against him, it was that of hav-
ing in his possession stolen property, for which offense only he
should have been tried. But there was proof that a burglary
was committed and a large number of watches and other things,
subsequently found in the possession of defendant, were stolen.
The instructions to the jury upon this and all the other points
were quite full and clear, and as favorable to defendant as he
could properly claim they should be. The judgment cannot
therefore be reversed on this ground.

6. Numerous other errors are specified in the bill of excep-
tions, but they are not particularly referred to in the brief,
though it is said none of them are waived, and "all are expressly
insisted upon."

We fail to find any material error in the rulings referred to
which would justify a reversal. The order denying the motion
in arrest of judgment was not appealable, and it therefore can-
not be considered here. (*People* v. *Majors*, 65 Cal. 100; *People*
v. *Henry*, 77 Cal. 445.)

The judgment and order denying a new trial are affirmed.