[Crim. No. 1436.   First Appellate District, Division Two.—January 20, 1928.]

THE PEOPLE, Respondent, v. VICTOR LOUGHEED, Appellant.

George M. Naus for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, J.—Defendant was tried before a jury upon an information charging rape under subdivision 3 of section 261 of the Penal Code—where the female "resists, but her resistance is overcome by force or violence." A verdict of guilty of attempt to commit rape was returned and from the judgment upon the verdict the defendant has appealed on a typewritten record.

The material evidence in the case is found in the transcript of the testimony of the prosecutrix taken at the preliminary examination (she having failed to appear at the trial of the action in the superior court) and in the extrajudicial statement of the defendant made in the office of the district attorney shortly after his arrest. The stories of the two parties are without substantial conflict except upon the two issues of resistance and penetration. At about the noon hour of July 11, 1927, the defendant, a man of fifty years of age, picked up the prosecutrix, a woman over twenty-one, on the streets of Berkeley, where she was soliciting subscriptions for an Oakland newspaper. He drove her in his car to a place in the hills of Contra Costa County, where the attack is alleged to have taken place about an hour later. The prosecutrix went upon the ride willingly and permitted the defendant to engage in undue familiarities while in the car apparently in expectation that she would secure from him a number of subscriptions to the paper by which she was employed. According to her story she left the car and

tried to escape, but the defendant followed her and accomplished the act without her consent and against her protest. The jury evidently disbelieved her story as to penetration when it found a verdict of attempt only. If her story were true and believed by the jury it would have required a verdict of guilty of the crime charged in the information. If untrue in this essential part the doubt which this fact must cast upon the rest of her story merely emphasizes the importance of the errors of law hereinafter considered.

The appellant insists that the evidence is insufficient to prove the essential element of resistance on the part of the prosecutrix and points out that the most that appears from her testimony is that she resented his caresses, resisted, pleaded, fought, and struggled with him; that it does not appear that any clothing was torn, that there was any blood upon her body or clothing, or that either the prosecutrix or her assailant showed any scratches, bruises, or marks of violence; and that there is no evidence of any character tending to prove that her resistance was "overcome by force or violence." Many cases are cited by appellant touching on the question of the sufficiency of evidence to prove this issue, but we do not deem it necessary to further discuss the evidence or to consider the authorities cited because we are satisfied from our review of the entire record that the appellant was not accorded a fair trial and the judgment must be reversed for that reason. We will rest the opinion on the two assignments in which error is confessed by the state.

(1) In the direct examination of one of the Berkeley police inspectors the district attorney asked him if the prosecutrix had said anything to him about her chastity. The appellant's objection to this inquiry was overruled on the ground that the question had been opened by him. The witness was then allowed to testify as follows:

"I asked her when this man raped her, if it hurt her, and she said no. I said, 'Have you ever had sexual intercourse with a man before.' She said, 'Absolutely not.' I said, 'That's strange, it generally hurts a woman the first time.' She said, 'I had some female trouble and had to undergo an operation and at that time my hymen was ruptured.'"

The evidence was plain hearsay and should have been excluded. The ruling of the trial judge was evidently based

upon the theory that the question of the chastity of the prosecutrix had been put in issue by appellant. Before this testimony was taken the appellant had, during the cross-examination of another police inspector, and for the purpose of impeaching the testimony of the prosecutrix given at the preliminary examination as to her chastity, elicited the statement that when she made the complaint to this inspector in the presence of the police matron and other police officers she said: "I am engaged to a young man in San Francisco, and I have had sexual intercourse with him, because I expect to marry him." Though this may have opened the door to evidence of chastity and good reputation, it certainly did not let down the bars for all kinds of incompetent and hearsay testimony.

(2) During the presentation of the case in chief the state introduced the statement of the appellant made in the office of the district attorney following his arrest. The appellant was called to the stand and testified that the statement was made after a deputy sheriff had assured him that "they would get me out of this." During the argument to the jury by the deputy district attorney the following occurred:

"But this remains, Gentlemen of the Jury, he took that stand, he took that stand to tell you something, and he has never denied, while he was on the stand that he took that girl into those hills, and he forcibly raped her.

"It appears to me that the proper procedure is when they put the defendant on the stand, if they put him on at all, to ask him, 'Did you rape this girl,' is the material question in this case, and at this particular time, he got upon the stand and made himself a witness in the case, and didn't deny it, and it went into the record then, Gentlemen of the Jury, undisputed, so far as his testimony is concerned, after taking the stand, and being sworn, as a witness in this case.

"Mr. Doyle: If Your Honor please, we assign as reversible error, the remarks of the Assistant District Attorney with respect to the, or any failure of counsel for the defendant, to examine the defendant at length as to the merits of the case.

"The Court: It is best, Mr. Hoey, to refrain from reflecting upon counsel. The defendant went upon the stand and testified, and counsel has a right to refer to the evidence given by the defendant, just the same as he has a right to

refer to the evidence given by any other witness, but it is best to refrain from reflecting in any way upon counsel.

"Mr. Hoey: I am not reflecting on counsel. If I did, I apologize, if they take it that way. I am referring to the testimony, and I am only trying to answer the question.

"Mr. Doyle: My objection is, in this assignment of error, we refer specifically to Section 1323 of the Penal Code of the State of California, respecting the rights of the defendant.

"Mr. Hoey: Let's see it.

"The Court: Well, proceed Mr. Hoey."

The attorney-general concedes the error but insists that the question cannot be raised on an appeal from the judgment, citing *People* v. *Sansome,* 98 Cal. 235 [33 Pac. 202]. The rule of the Sansome case, that the point can be raised only on a motion for new trial, is no longer authority in this state. (*People* v. *Amer,* 151 Cal. 303, 309 [90 Pac. 698]; *People* v. *Derbert,* 138 Cal. 467 [71 Pac. 564].) There is some confusion in the decisions as to whether the point can be raised on an appeal from the judgment when the trial judge has sufficiently admonished the jury to disregard the misconduct, but the authorities are uniform that it is properly raised on such appeal when no admonition is given because in such a case it is an error at law on the part of the trial judge to refuse the admonition.

Section 1323 of the Penal Code provides that the neglect or refusal of a defendant to be a witness "cannot in any manner prejudice him nor be used against him in the trial." ██ When the deputy district attorney called the attention of the jury to appellant's failure to deny the assault he deprived the appellant of a right which the statute has accorded every defendant in a criminal case and the failure of the trial judge to admonish the jury tended to make the misconduct the more prejudicial. ██ It is neither proper nor fair to take advantage of a defendant on trial because of his failure to be a witness in his own behalf so long as the statute safeguards him in that right. (*People* v. *Morris,* 3 Cal. App. 1, 6 [84 Pac. 463]; *People* v. *Sanders,* 114 Cal. 216, 238 [46 Pac. 153]; *People* v. *Brown,* 81 Cal. App. 226 [253 Pac. 735].)

Judgment reversed and cause remanded for a new trial.

Sturtevant, J., and Burroughs, P. J., *pro tem.,* concurred.