[Crim. No. 1178.   Department Two.—October 29, 1904.]

THE PEOPLE, Appellant, v. SING LEE, Respondent.

CRIMINAL LAW—RECEIVING STOLEN GOODS—MISCONDUCT OF DISTRICT ATTORNEY—STATEMENT OF OFFENSE NOT PROVED—ORDER GRANTING NEW TRIAL.—Where the defendant was convicted of the crime of receiving certain stolen goods a new trial was properly granted on the ground of misconduct of the district attorney in telling the jury in effect that the defendant was guilty of another offense,— viz., the keeping of a place for the habitual reception of stolen goods,—which was not proved in the case, and only rested on excluded evidence of the sale of other goods.

ID.—IMPROPER REFUSAL OF INSTRUCTION—DISALLOWED EVIDENCE.—It was error for the court to refuse a requested instruction to the jury not to consider any proposed evidence which has been offered and disallowed by the court.

APPEAL from an order of the Superior Court of Merced County granting a new trial.   E. N. Rector, Judge.

The facts are stated in the opinion.

U. S. Webb, Attorney-General, E. H. Hoar, District Attorney, and B. F. Fowler, Deputy District Attorney, for Appellant.

E. R. Jones, and B. Berry, for Respondent.

SMITH, C.—The defendant was found guilty by a jury
of the crime of receiving stolen goods, as defined in the stat-
ute. The appeal is by the people from an order granting the
defendant a new trial. The grounds of the ruling were:—

"That there was a misconduct on the part of the district
attorney in asking the defendant when a witness in his own
behalf upon cross-examination of said defendant the follow-
ing question:

"Q. 'During last November, were you offering for sale
across the track a roll of silk?'

"And thereafter arguing to the jury that the defendant
was a *fence-keeper,* and that such misconduct was prejudicial
to the substantial rights of the defendant, and by reason of
such misconduct a fair and impartial trial was not had."

Objection was made to the question on various grounds;
and upon the statement of the district attorney that he had
no evidence that the property referred to was stolen—unless
it could be drawn out of the witness—the question was ruled
out. In the passages in the argument of the district attorney
referred to in the order, the defendant was alluded to as a
"fence-keeper," or "criminal fence-keeper"; and following
the use of the expressions "hole in the wall" and "fence,"
the jury were told that it was believed by the people "that the
evidence shows that the defendant in this case is keeping
just that sort of a joint."

The case, we think, is similar in principle to that of *People
v. Valliere,* 127 Cal. 66, where the judgment and order deny-
ing the defendant a new trial were reversed for language of
the district attorney to the jury substantially similar to the
language used here. In that case, the defendant being on trial
for larceny, the district attorney told the jury, in effect, that
there was another theft committed by the defendant "that
[he knew] of his own knowledge." Here the jury was told
by the district attorney, in effect, that he believed the evidence
showed that the defendant was keeping a place for the habitual
reception of stolen goods. This—though the contrary is
urged—was something quite different from the charge on
which the defendant was tried; and it may be said of it, as
was said in the former case, that the statement made "was

in the nature of evidence. It was the assertion of a damaging fact not only not proven, but in regard to matters that had been expressly ruled out." We are of the opinion, therefore, that this is not a case in which the discretion of the lower court in granting a new trial should be interfered with. Also, we think, the eighth instruction asked by the defendant should have been given; and especially that part of it instructing the jury not to consider "any proposed evidence which has been offered and disallowed by the court."

We advise that the order appealed from be affirmed.

Chipman, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.