[Crim. No. 1371. In Bank.—May 16, 1907.]

# THE PEOPLE, Appellant, v. W. M. AMER, Respondent.

CRIMINAL LAW—GROUNDS OF NEW TRIAL.—In a criminal case, in view
of the positive and unambiguous language of section 1181 of the
Penal Code, a motion for a new trial can be granted only in the
cases therein mentioned.

ID.—LEGISLATURE SOLE POWER TO DETERMINE GROUNDS OF NEW TRIAL.—
Whatever may be the constitutional rights of a defendant on an
appeal from a judgment, whether or not the remedy by motion
for a new trial shall exist in any class of cases, and, if so, upon
what grounds, are questions for the exclusive determination of the
legislature.

ID.—MISCONDUCT OF DISTRICT ATTORNEY NOT GROUND FOR NEW TRIAL.—
Under section 1181 of the Penal Code, in a criminal case the mis-
conduct of the district attorney, unaccompanied by any error of
the court, is not a ground for granting the motion of the defendant
for a new trial. Such misconduct is not included within the
meaning of subdivision 5 of that section, authorizing a new trial
when the court has misdirected the jury in matter of law, or has
erred in the decision of any question of law arising during the
course of the trial, nor within the meaning of subdivision 6, pro-
viding for a new trial when the verdict is contrary to law or
evidence.

ID.—MISCONDUCT OF DISTRICT ATTORNEY—APPEAL FROM JUDGMENT.—In
view of the fact that the misconduct of the district attorney has so
often been held to constitute a sufficient ground of reversal of the
judgment, it may have become a settled rule that such misconduct
will be considered upon an appeal from the judgment when pre-
sented by a proper record, and the points saved for review by
exception. But an order of the trial court granting the defendant
a new trial on that ground alone, where no other good legal ground
for such action appears, is erroneous and must be reversed on
appeal.

ID.—EMBEZZLEMENT — PAYMENT OF PRIVATE DEBT — EVIDENCE.—In a
prosecution for embezzlement, evidence for the prosecution to the
effect that the defendant a few days before the discovery of the
offense had made a payment on an interest-bearing indebtedness
not yet due, even if immaterial, was unimportant, and could not have
been prejudicial.

ID.—COMPARISON OF TESTIMONY OF WITNESSES—INSTRUCTION.—An in-
struction requested by the defendant, calling particular attention
to the testimony of a witness for the people as opposed to the testi-
mony of a witness for the defense, which carried with it the intima-

tion that the witness for the prosecution was to be distrusted, was properly refused.

ID.—COUNTY TREASURER—EVIDENCE OF AUDITING BOARD—INSTRUCTION. —In a prosecution of a county treasurer for the embezzlement of public funds, when there was no question as to the truth of the uncontradicted evidence of the officers who made the official count of the money in the county treasury on a certain date, as to the amount and kinds of money and vouchers then in the treasury, the refusal at the request of the defendant to give an instruction to the effect that it was a presumption of law that the report then made and signed by them, which corresponded with their evidence, was correct, could not have been prejudicial.

ID.—LAWFUL MONEY OF UNITED STATES—PRESUMPTION.—In such a prosecution, where the information charges the embezzlement of a certain sum of money, lawful money of the United States, and the evidence showed that defendant, at the time of the official counts of the money in the treasury, had on hand as a portion of the balance, in place of coin, certificates of deposit of banks, and some checks and money orders, which were carried as money by him, and counted as such by the auditing board, an instruction to the effect that if the regular sworn statement made by the defendant to the county auditor showed a balance of money on hand, the law presumes, in the absence of evidence to the contrary, that such balance was in lawful money of the United States, is correct as an abstract proposition of law, and under the circumstances could not have prejudiced the defendant.

APPEAL from an order of the Superior Court of Madera County granting a new trial. W. M. Conley, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and R. R. Fowler, District Attorney, for Appellant.

F. G. Ostrander, Lewis H. Smith, G. G. Goucher, and Raleigh E. Rhodes, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order granting a motion for a new trial made by defendant after conviction of the crime of embezzlement of public funds while treasurer of Madera County. The language of the order granting the motion was such as to exclude insufficiency of the evidence as a ground of the action of the court. The trial court, according to the language of the order, granted

the motion solely on the ground of misconduct of the district attorney in his closing argument to the jury. It is not claimed that there was any error of the trial court in relation to the alleged misconduct. In fact, it affirmatively appears that the learned trial judge, immediately upon the making by the district attorney of the remarks alleged to constitute misconduct, emphatically and at length correctly instructed the jury as to the law applicable to the matters referred to by the district attorney, and admonished them to disregard such remarks. The same thing was more elaborately done by the court in its charge to the jury. The principal question presented by this appeal is whether, in a criminal case, misconduct of the district attorney, unaccompanied by any error of the court, can warrant the granting by the trial court of a motion for a new trial.

In view of the positive and unambiguous language of section 1181 of the Penal Code, it is clear that a motion for a new trial can be granted only in the cases therein mentioned. That language in terms limits the authority of the court to grant a new trial to the grounds therein specified. That the section means exactly what it says was held by this court in *People* v. *Bernstein,* 18 Cal. 699. The statutory provision as to new trials then in force was substantially the same as the present provision, except that when that case arose newly discovered evidence was not specified as one of the grounds upon which a new trial could be granted, that ground having been subsequently added by amendment. The defendant moved for a new trial upon the ground of newly discovered evidence, and this court disposed of the motion in these words: "It will be seen that the statute not only does not allow this as a ground for setting aside the verdict, but that it enumerates certain other grounds as those exclusively allowable to that end. This was done designedly, and we have no power to supply the omission. The legislature had full power to prescribe the cause and grounds of this application. If, in any case, injustice be done in consequence of this omission, the resort is not to the courts, but to the executive." A substantially similar question was presented in *People* v. *Fair,* 43 Cal. 137, 147, where this court held, expressly overruling *People* v. *Plummer,* 9 Cal. 298, that an objection to the competency of a juror, taken for the first time after verdict,

cannot be availed of on motion for a new trial. The court said: "In reference to a motion for a new trial, the statute has not only enumerated the grounds upon which it may be made, but has *expressly excluded all others.*" (See, also, *People* v. *Shainwold*, 51 Cal. 468; *People* v. *Bawden*, 90 Cal. 195, 199, [27 Pac. 204]; *People* v. *Simmons*, 119 Cal. 1, [50 Pac. 844].) Whatever may be the rights under the constitution of a defendant on an appeal from a judgment, whether or not the remedy by motion for a new trial shall exist in any class of cases, and if so, upon what grounds, are questions for the exclusive determination of the legislature.

Misconduct of the district attorney is not, *eo nomine*, specified by the statute as a ground upon which a new trial may be granted, and, in our judgment, there is no specification therein that can, by any possibility, be held to include it. There is no claim that it is so included, unless it is covered by the language of subdivision 5 or subdivision 6 of section 1181 of the Penal Code. Subdivision 5 provides for the granting of a new trial when the court has misdirected the jury in matter of law, or has erred in the decision of any question of law arising during the course of the trial, and subdivision 6 provides for the granting of a new trial "When the verdict is contrary to law or evidence." These were the grounds specified on the motion for new trial. We have already seen that the court did not misdirect the jury in this matter or err in the decision of any question of law arising in regard thereto. It, of course, cannot be claimed that the mere fact that the district attorney has been guilty of misconduct renders a verdict contrary to the evidence. A verdict is contrary to the evidence only when the evidence introduced upon the trial does not warrant the conclusion reached by the jury. Nor can it be held that the verdict is "contrary to law" simply because there has been misconduct on the part of the district attorney, however prejudicial to defendant's rights the court may deem such misconduct to have been. If the verdict itself is in no degree opposed to the law applicable to the case, in the light of the evidence received by the court on the trial, it is not "contrary to law" within the meaning of that term as used in subdivision 6 of section 1181 of the Penal Code, no matter what causes may have operated to influence the jurors to render it. That subdivision has to

do solely with the verdict as rendered, and not with the causes that produced it, the sole questions thereunder being as to whether it is sustained by the evidence admitted and as to whether it is opposed to the law applicable to the case. To give to the term "contrary to law" any broader meaning would make it include every improper influence that may have operated upon the minds of the jurors to the prejudice of a defendant, and render any further specification of such things by statute as grounds for a new trial superfluous. Improper evidence erroneously admitted by the court, evidence wrongfully received by a juror out of court, erroneous instructions as to the law, misconduct of jurors, and errors in the decision of any question of law arising on the trial, might all so operate as to make a verdict contrary to law in such a general sense, yet we find all these things carefully specified in section 1181 of the Penal Code as separate grounds for a new trial. Unless we are to hold that nothing was meant by the careful specification in section 1181 of the Penal Code of the *"only"* cases in which a motion for a new trial may be granted, and that any prejudicial irregularity in the proceedings not specified in any other subdivision will render the verdict one "against law," thus rendering meaningless and superfluous the express provision of the section that a new trial may be granted "in the following cases only," the provision "when the verdict is contrary to law or evidence" must be given the construction already stated. The words "contrary to law" as here used mean no more than the words "against law" used in subdivision 6 of section 657 of the Code of Civil Procedure in relation to the verdict in a civil case, in the specification of grounds for a new trial. That section expressly provides in subdivision 1 that a new trial may be granted in civil cases for "Irregularity in the proceeding of the . . . adverse party, . . . by which either party was prevented from having a fair trial," which undoubtedly includes prejudicial misconduct of an attorney of the adverse party, but no such provision was made in the section relative to criminal cases. It was held in *Brumagim* v. *Bradshaw*, 39 Cal. 35, that the words "against law" as there used included no cause falling within any other subdivision of section 657 of the Code of Civil Procedure. This narrowing of the meaning of the term from the broad general sense which would make

it include every prejudicial irregularity in the course of the proceedings that may have contributed to the rendition of the verdict, necessarily brings us to the construction stated, and this gives to the term the definite and specific meaning well recognized by the authorities.

It appears very clear to us that mere misconduct of the district attorney is not included within any of the statutory grounds upon which a trial court may grant a motion for a new trial. We are brought somewhat reluctantly to this conclusion, in view of the apparently well-settled doctrine in this state that the appellate court will order a new trial on account of such misconduct, where it is prejudicial to the rights of a defendant, and as long as this rule obtains it is obviously preferable that the trial court should have the power to entertain a motion on this ground. But that such a ground can avail in support of the statutory motion for a new trial can by no means be held to be settled by the decisions, and such a conclusion would be so opposed to the plain terms of the statute that we cannot assent to it. The only cases that we have been able to find which may fairly be said to intimate that misconduct of the district attorney may be considered a sufficient ground for granting a motion for a new trial are those of *People* v. *Sing Lee,* 145 Cal. 190, [78 Pac. 636], and *People* v. *Sansome,* 98 Cal. 235, [33 Pac. 202], both Department cases. In *People* v. *Sing Lee,* 145 Cal. 190, [78 Pac. 636], an order granting a new trial on this ground was affirmed, but the opinion of the commissioner shows that the point now under consideration was not suggested or considered. In *People* v. *Sansome,* 98 Cal. 235, [33 Pac. 202], it was squarely held that motion for new trial was the proper remedy, but this conclusion appears to have been reached without any consideration of the language of section 1181 of the Penal Code. While in very many cases misconduct of a district attorney has been considered, and in several held to be of such a nature as to necessitate a reversal, in no other case that we have found was the matter before the court solely on an appeal from an order made on motion for a new trial. The usual appeal in criminal cases is one from both judgment and order denying a motion for a new trial, and the question as to misconduct has been usually presented on such an appeal and by a bill of exceptions. In one case, *People*

v. *Derbert,* 138 Cal. 467, [71 Pac. 564], the only appeal under consideration was one from the judgment, and the judgment was reversed on the ground of misconduct of the district attorney, thus practically disposing of the one point decided to the contrary in *People* v. *Sansome,* 98 Cal. 235, [33 Pac. 202]. In the much cited case of *People* v. *Wells,* 100 Cal. 459, [34 Pac. 1078], where the appeal was from both the judgment and the order denying a new trial, this court declared that a judgment would be reversed for prejudicial misconduct on the part of the district attorney. In view of the fact that the misconduct of the district attorney has so often been held to constitute a sufficient ground for reversal of the judgment, it may be that it has become a settled rule that the question of misconduct of the district attorney will be considered upon an appeal from the judgment, when presented by a proper record, and the point saved for review by exception. If, however, as appears clear, such misconduct is not one of the statutory grounds upon which the trial court may grant a motion for a new trial, an order of such court granting a new trial on that ground alone, where no other good legal ground for such action appears, is erroneous, and must be reversed on appeal.

Certain other matters are somewhat briefly urged in support of the order granting a new trial, but we entirely agree with the learned judge of the trial court that none of them was of such a nature as to warrant the granting of the motion.

The testimony of the witness Price that the defendant, a few days before the discovery of the shortage in his office, paid him on an interest-bearing indebtedness not due for several months the sum of seventy-five dollars, even if immaterial, was not important, and could not have been prejudicial.

The requested instruction numbered XXXV, calling particular attention to the testimony of a certain witness for the people as opposed to the testimony of a witness for the defense, carried with it the intimation that the witness for the prosecution was to be distrusted, and was properly refused.

There was no question as to the truth of the uncontradicted evidence of the officers who made the official count of the money in the county treasury on December 27, 1895, as to the amount and kinds of money and vouchers, etc., then in such treasury, and the refusal to give the requested instruc-

tion XXXVI, to the effect that it was the presumption of law that the report then made and signed by them, which corresponded with their evidence, was correct, could not have affected the verdict in any degree.

The subject-matter of requested instruction XXXVII was fully and correctly covered by the charge of the court.

The evidence showed without conflict that at the time of the official counts of the money in the county treasury made during the two months next preceding the disclosure of the shortage, there was on hand as a portion of the balance, in place of coin, certificates of deposit of certain local banks for large amounts, and some checks and money orders for small amounts, which had been received as lawful money by the treasurer from the tax-collector. Apparently these certificates, checks, and money orders were, all convertible into coin by the treasurer at their face value, and they were carried as money by him, and counted as money by the auditing board. The information charged the embezzlement of $32,-521.39 "or thereabouts, lawful money of the United States, the same then and there being public funds of said county of Madera, . . . which said money he . . . had received as such county treasurer for the use and benefit of said county." Under these circumstances, complaint is made of an instruction given by the court to the effect that if the regular sworn statement made by the defendant to the county auditor showed a balance of money on hand, the law presumes, in the absence of proof to the contrary, that such balance was in lawful money of the United States, and, further, that the county treasurer is not authorized by law to accept any checks or certificates of deposit in payment for state and county taxes, fees, or licenses, collected by any officer of the county, and is only authorized to give his official receipt when lawful money of the United States is actually paid into the treasury by the county officers. The latter portion of the instruction was simply an explanation of the presumption stated in the former portion. As an abstract proposition of law, the instruction was manifestly correct, but in view of the state of the evidence we cannot see any good reason for giving it. At the same time, we cannot conceive that, under the circumstances shown by the record, it could have operated prejudicially to defendant's cause.

The order granting defendant's motion for a new trial is reversed, with directions to the court below to enter an order denying the same.

Shaw, J., Henshaw, J., Lorigan, J., and Sloss, J., concurred.

McFARLAND, J., dissenting.—I dissent, and think that the order of the trial court granting a new trial should be affirmed.

The state constitution provides that no person shall be compelled in any criminal cause to be a witness against himself; and section 1323 of the Penal Code declares that the neglect of a defendant to testify as a witness ''cannot, in any manner, prejudice him, nor be used against him on the trial or proceeding.'' In the case at bar the defendant did not testify, and the district attorney, in his address to the jury, willfully and deliberately called attention to the fact that defendant had not offered himself as a witness, and based an argument against him upon the fact that he had not testified. I do not understand that any one contends that this was not a gross violation of the provision of the code above mentioned, and of defendant's rights under it, or that it could be held to be not prejudicial, or that it should not warrant a reversal provided there is any way to review it, and that defendant's counsel took proper steps to have it reviewed. But defendant made a motion for a new trial upon all statutory grounds; the motion was granted by the trial court on account of the said misconduct of the district attorney above stated; the people appeal from the order granting the new trial, and, of course, there is no appeal by defendant from the judgment. It is therefore contended that as misconduct of the district attorney is not expressly made one of the grounds of a motion for a new trial, by section 1181 of the Penal Code, therefore, the order granting a new trial was erroneously made in the case at bar, and that, as there is no appeal from the judgment, there is no way for defendant to have the said misconduct of the district attorney reviewed, no matter how flagrant and prejudicial it may have been.

It is intimated that the point sought to be made might be considered upon an appeal from a judgment; but I do not

see how that could be if it cannot be a ground for a new trial. The judgment would not show any erroneous rulings or action by the court; and on such appeal the judgment could be reversed only on the general ground that a verdict founded in whole or in part upon the effect of a violation of the law by the district attorney would be a verdict contrary to law. But subdivision 6 of section 1181 expressly enumerates as a ground for a new trial "when the verdict is contrary to law." If a verdict founded upon the misconduct of the district attorney is not a verdict contrary to law, then it cannot be touched either on appeal from the judgment or on motion for a new trial. It seems to me that such a verdict is clearly contrary to law, and therefore was within the sixth subdivision of section 1181. If a point made is that "the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial," then, of course, the motion would be based on subdivision 5 of said section; but in the case at bar the point is not that the court misdirected the jury in a matter of law. Has not the phrase in subdivision 6 "contrary to law" some meaning? Suppose that that section had only enumerated two grounds for a motion for a new trial— first, "that the verdict is contrary to the evidence," and second, that the verdict "is contrary to law." In that event could not a motion for a new trial be based on the ground that the verdict is against law? And yet the section as it stands limits the grounds "contrary to law" only by the case where the court has misdirected the jury as to some matter of law. Other kinds of verdicts contrary to law are embraced in subdivision 6, and therefore the only question is. this: Is a verdict based on such misconduct of the district attorney, as is shown in the case at bar, "contrary to law"? and in my opinion, as before stated, it is clearly so. It is founded upon and the result of a direct violation of law.

And certainly in a criminal case such a construction of a provision of law as would enable a defendant to present the merits of his case should be followed, where it is permissible. The question has not been definitely settled by this court adversely to these views, and they were followed in *People v. Sansome*, 98 Cal. 225, [33 Pac. 202], and *People v. Sing Lee*, 145 Cal. 190, [78 Pac. 636]. The opposite view would

make section 1323 of the Penal Code a mere ineffectual and nugatory declaration which could be violated by the district attorney at his ·pleasure without any redress whatever on the part of the aggrieved defendant.   It would be akin to Dogberry's charge to the watch :—

"*Dog.*—You shall comprehend all vagrom men; you are to bid any man stand, in the prince's name.

"*Sec. Watch.*—How if a' will not stand?

"*Dog.*—Why, then, take no note of him, but let him go; and presently call the rest of the watch together and thank God you are rid of a knave."