[Crim. No. 945.  Third Appellate District.—January 14, 1927.]

## THE PEOPLE, Appellant, v. JESSE E. TAYLOR, Respondent.

[1] Criminal Law—Driving Automobile While Habitual User of Narcotics—Disregard of Instructions—New Trial—Appeal.— In this prosecution for driving an automobile upon a public highway while "an habitual user of narcotic drugs," in which the trial court advised the jury to acquit, but the jury returned a verdict of conviction, the appellate court could not say that the trial court abused its discretion in granting a new trial, on motion of defendant, on the ground of insufficiency of the evidence.

(1) 16 **C. J.**, p. 1180, n. 72.

APPEAL from an order of the Superior Court of Sacramento County granting a new trial.  Charles O. Busick, Judge.  Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

Mark L. Burns and L. M. Shelley for Respondent.

FINCH, P. J.—This appeal is from the order of the trial court granting defendant's motion for a new trial after the jury had found him guilty of the offense of driving an automobile upon a public highway while he was "an habitual user of narcotic drugs."

The information charges that the offense was committed March 27, 1926.  Dixie Cunningham, an habitual user of narcotic drugs, employed by an inspector of the state board of pharmacy as an informer, testified that in the forenoon of the day mentioned in the information she and the defendant "both took a shot" of morphine; that she returned to the defendant's place of business in the afternoon and that the defendant then took her in his automobile to various places, at one of which he procured four bindles of mor-

phine; that they then returned to the defendant's place of business, where they used one of the bindles to give each of them a second "shot"; and that the defendant gave the witness two of the remaining bindles and kept the third. The inspector referred to testified that he arrested the defendant after the informer had left and that he found various instruments of the kind used by narcotic addicts in the defendant's place of business and that they showed evidence of having been used; that the defendant stated that he had been using narcotics this time "only three or four months, and that if we would give him a week or ten days, that he would be entirely off, and would never use it any more"; that the defendant was "under the influence of narcotics" in both the forenoon and the afternoon of the day of his arrest; that the witness had seen the defendant three or four times prior to March 27, 1926, and that on each occasion the defendant was under the influence of narcotics. The witness was not asked and did not state how long prior to March 27, 1926, it was that he had seen the defendant. While there is some corroboration of parts of the foregoing testimony, no additional facts were proved by other witnesses.

Mr. Babcock, deputy district attorney, asked for a continuance, after the testimony referred to had been introduced, to enable him to procure the attendance of a witness, who he stated was then ill. The request was denied and Babcock thereupon moved the court to dismiss the case on the ground that the evidence was insufficient to convict. The trial judge stated that the court was without authority to dismiss the case, but was authorized to advise the jury to acquit. Counsel for defendant then said: "We will not offer any proof, and we are willing to submit this case without argument, as Mr. Babcock has stated . . . that the evidence is not sufficient to convict." [1] The court advised the jury to acquit. The jury did not follow such advice, but returned a verdict of conviction. The court granted a new trial, on motion of defendant, on the ground of insufficiency of the evidence, and the district attorney gave notice of appeal.

Appellant relies upon the cases of *People* v. *Amer*, 151 Cal. 303 [90 Pac. 698], and *People* v. *Muhlner*, 115 Cal. 303 [47 Pac. 128]. In the former case the trial court had

granted a new trial on a ground not authorized by section 1181 of the Penal Code. In the latter the jury had returned a verdict of manslaughter and the court granted a new trial on the ground that the evidence showed conclusively that the defendant was guilty of murder. Neither case, therefore, has any bearing upon the question presented here. In *People* v. *Knutte,* 111 Cal. 453, 455 [44 Pac. 166], it is said: "It has been so repeatedly held here as to become axiomatic that where a new trial is granted upon this ground (insufficiency of the evidence), or where it is one of various grounds upon which the trial court may have based the order, its action will not be disturbed, except in a case showing a manifest and unmistakable abuse of discretion. . . . Nor does it affect the question that the evidence in the case may have a *legal tendency* to prove all the material facts. Guilt is to be established beyond a reasonable doubt; and while there may be some evidence to support each fact, this does not signify that it is necessarily such as to satisfy the conscience of the judge that a case is made which warrants conviction." In *People* v. *Canfield,* 173 Cal. 309, 312 [159 Pac. 1046, 1048], it is said: "We can hardly manufacture in fancy a hypothetical situation in which a reviewing court would be justified in questioning the discretion of a trial court who should grant a new trial in a case involving a criminal charge." It certainly does not manifestly appear, under all the circumstances of this case, that the trial court abused its discretion in granting a new trial.

The order is affirmed.

Buck, J., *pro tem.,* and Plummer, J., concurred.