[Crim. No. 3885.   Second Dist., Div. Two.   July 10, 1945.]

THE PEOPLE, Respondent, v. LLOYD A. KINGSBURY, Appellant.

Gordon M. Gale for Appellant.

Robert W. Kenny, Attorney General, and L. G. Campbell, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty on four counts of grand theft, after trial before a jury, defendant appeals. The jury also found that on three previous occasions defendant had been convicted of felonies.

There is likewise an appeal from an order denying defendant's motion for a new trial and "from an order made after judgment affecting the substantial right of" defendant.

The evidence being viewed in the light most favorable to the People (respondent), the essential facts are:

About June 12, 1943, defendant called on Mr. Lunsman stating that he was a representative of the Standard Oil Company and that it was going to construct a pipe line to certain

lands in Monterey County. Defendant offered to sell Mr. Lunsman a one-ninth interest in the land to be crossed for the sum of $500. This offer, Mr. Lunsman accepted and paid the agreed price to defendant.

On or about June 16, 1943, defendant offered Mr. Lunsman a one-third interest in the land if he would pay an additional $1,000. This Mr. Lunsman did. On June 18, 1943, defendant offered Mr. Lunsman a one-half interest in the land if he would pay an additional $750. This offer was likewise accepted and Mr. Lunsman gave defendant his check for $750.

On June 25, 1943, defendant represented to Mr. Lunsman that he had an additional piece of land across which an oil company was going to place a pipe line and that he would sell a one-half interest in his land to Mr. Lunsman for $375. Mr. Lunsman accepted this offer and paid defendant $375.

Defendant was not an employee or a representative of the Standard Oil Company. Neither did the company at any time intend to build a pipe line across the lands described by defendant, nor did defendant at any time convey to Mr. Lunsman any interest in the lands described by defendant.

Defendant urges reversal of the judgment on five propositions which will be stated and answered hereunder seriatim:

First: *There is not any substantial evidence to sustain the verdict of the jury.*

This proposition is without merit. We have examined the record and are of the opinion that there is substantial evidence, considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the findings of fact upon which the verdicts of guilty were necessarily predicated. There is direct testimony of witnesses to each of the facts set forth above. Further discussion of the evidence would serve no useful purpose.

Second: *The court committed prejudicial error in permitting the introduction of evidence over defendant's objection.*

This proposition is untenable. During the course of the trial Dr. Gordon was permitted to testify that defendant in September, 1943, had made similar representations to him relative to land located in Texas, and had endeavored to sell to the witness land located in such state. It may be conceded that such testimony was objectionable and should not have been received in evidence. However, the evidence was not prejudicial to defendant for the reason the same evidence was given by Dr. Gordon without objection from defendant.

■ Third: *The district attorney was guilty of misconduct.*
This proposition is also untenable. Defendant has failed to direct our attention to any misconduct of the district attorney. In fact examination of the record discloses that both the trial judge and the district attorney were meticulously careful to protect the interests of the defendant to the end of his having a fair and impartial trial.

■ Fourth: *The trial court committed prejudicial error in refusing to grant defendant's motion for a new trial.*
This proposition is likewise untenable and is governed by the established law in California that a motion for a new trial in a criminal case may be granted only upon one of the grounds stated in section 1181 of the Penal Code. In the present case none of the grounds mentioned in such section is urged by defendant as the basis for granting his motion for a new trial.

■ Fifth: *The trial court committed prejudicial error in receiving evidence of defendant's prior conviction.*
This proposition is devoid of merit. The law is established in California that when a defendant is charged in an information or indictment with having suffered a previous conviction, if he denies at the time of his arraignment that he has suffered such previous conviction the issue thus joined must be tried by the jury which tries the issue upon his plea of not guilty to the offense charged in the information or indictment. (Pen. Code, § 1025.)

In the instant case defendant was charged in the information with having been on three previous occasions convicted of felonies. When arraigned he denied the convictions. It was therefore the duty of the district attorney to present competent evidence relative to the prior convictions and the duty of the trial judge to receive such evidence.

Our examination of the record convinces us that defendant had a fair and impartial trial and that his constitutional rights were fully safeguarded.

Defendant has failed to direct our attention to the alleged "order made after judgment affecting" his substantial rights, therefore we are not in a position to discuss the appeal from such order.

For the foregoing reasons the judgment and orders are and each is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.