THE PEOPLE OF PUERTO RICO, Plaintiff and Appellant, *v.* LEONIDES VEGA CEDEÑO, Defendant and Appellee.

No. 13376. Argued November 1, 1948.—Decided November 29, 1948.

Luis Negrón Fernández, Attorney General, (José C. Aponte, as Acting Attorney General, on the brief) and J. Rivera Barreras, Prosecuting Attorney, for appellant. The appellee did not appear.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The cases instituted by The People of Puerto Rico against Leonides Vega Cedeño for the crimes of murder in the second degree and assault to commit murder were jointly tried before the District Court of Bayamón. In the former case the jury brought in a verdict of voluntary manslaughter, and in the latter they acquitted the defendant.

Prior to the pronouncement of sentence by virtue of the verdict of voluntary manslaughter rendered against him,[1] the defendant filed a motion for a new trial wherein he alleged, in short, that the only matter in issue in the two cases was whether or not he had acted in self-defense; that in rendering the verdict of acquittal in the case of attempt to kill and of guilty of voluntary manslaughter in the murder case, the jury clearly disclosed their purpose to make a bargain, when the proper thing to do was to render identical verdicts in both cases; that this action of the jury was due to the fact that the district attorney in his address to the jury had stated: "Gentlemen of the Jury: I hold this position because I need it; but if you acquit this defendant, I shall resign immediately"; that those remarks were made while the district attorney was manifestly in an emotional state and weeping copiously; and that in so acting the district attorney brought into the case matters which were wholly foreign to the question at issue, and deprived the defendant of a trial by an impartial jury. The motion for a new trial was accompanied by separate affidavits subscribed by two of the three attorneys who intervened in the case

---

[1] See People v. Méndez, 67 P.R.R. 772, 777.

on behalf of the defendant. It was stated therein that the district attorney had addressed to the jury the above-quoted remarks.

The district attorney answered in writing the motion for a new trial and emphatically denied the allegations thereof. As to the statements which we have already copied verbatim, he asserted that what he had stated to the jury was that "in Puerto Rico some jury panels were not doing justice as society demanded; that if juries in Puerto Rico, and specifically those of the Judicial District of Bayamón, continued to impart justice as they had done recently, although he, the district attorney, upon his return from the Army where he had served for about three years, was in need temporarily of holding a public office, —the honorable office of district attorney, —he would be inclined to resign said office; that in Puerto·Rico there were many criminals who escaped from the clutches of justice, especially those who had the financial means to engage for their defense the ablest members of the Puerto Rican Bar." The written opposition of the district attorney was accompanied by affidavits of the deputy clerk and deputy marshal of the court and of four of the jurors who participated in the trial. Some time afterward the lower court entered an extensive order granting the motion, setting aside the verdict, and ordering a new trial. The People of Puerto Rico thereupon appealed.[2]

The prosecuting attorney of this Court maintains in his brief, in the first place that the district court erred in granting the motion for a new trial, as the same is contrary to law. Let us see. Section 303 of the Code of Criminal Procedure provides as follows:

"*Section 303.* When a verdict has been rendered against the defendant, *the court may,* upon his application, *grant a new trial, in the following cases only:*

"1. When the trial has been had in his absence, if the information is for a felony;

---

[2] Section 348, subdivision 3, Code of Criminal Procedure.

"2. When the jury has received any evidence out of the court other than that resulting from a view of the premises;

"3. When the jury has separated without leave of the court, after retiring to deliberate upon their verdict, or been guilty of any misconduct by which a fair and due consideration of the case has been prevented;

"4. When the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of all the jurors;

"5. When, the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial;

"6. When the verdict is contrary to law or evidence;

"7. When new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly, discovered evidence, the defendant must produce at the hearing in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as, under all the circumstances of the case, may seem reasonable." (Italics ours.)

The statute provides, therefore, in a clear and definite manner, that the grounds mentioned therein are the only ones upon which the trial court is justified in granting a new trial. In other words, by express provision of the statute, the lower court may not grant a new trial upon any other grounds, no matter what these may be. It is unquestionably a case of *expressio unius est exclusio alterius*. Is the improper conduct of a district attorney included among the above-mentioned grounds? That question must perforce be answered in the negative, since the clear language of the statute positively shows that such conduct is not one of the grounds on which a new trial may be granted. Cf. *People v. Abréu*, 5 P.R.R. (2d ed.) 101, 103.

Section 303, *supra*, was a literal adaptation of § 1181 of the Penal Code of California. Construing said Section, the Supreme Court of that State, in *People v. Amer* (1907)

151 Cal. 303, 90 Pac. 698, held that in view of the positive and unambiguous language of the Section, it was clear that a motion for a new trial could be granted only in the cases therein mentioned, since the improper conduct of a district attorney did not appear in the statute *eo nomine* as one of the causes for which a new trial could be granted, nor the statute contained any ground which might possibly include said improper conduct.

The case of *People* v. *Amer, supra,* was followed by innumerable decisions in that State,[3] until in 1927 § 1181 of the Penal Code of California was amended to empower the trial court to grant a new trial *"when the district attorney or other counsel prosecuting the case has been guilty of prejudicial misconduct during the trial before a jury."*  So that in said state, in order that the trial court could grant a new trial on the above-mentioned ground, it was necessary to amend the statute.  In Puerto Rico no similar amendment has been made.  Section 303 subsists in the form in which it was originally enacted.

In the State of Idaho—where the statute under which the trial courts may grant new trials contains an introductory statement identical with that set forth in § 303 of our Code of Criminal Procedure—it was also decided that the grounds specified by the statute are exclusive and can not be extended by the courts.  *State* v. *Wilson,* 9 P. (2d) 497, 499.

■ The case of *People* v. *Marchand,* 53 P.R.R. 640, cited by the parties and by the lower court, is not applicable to the case at bar.  Here the question in controversy is whether the district court acted correctly in granting a new trial to the defendant on the ground alleged; whereas in the *Marchand* case, an appeal was taken to this Court from the judgment rendered against the defendant and we were the ones

---

[3] *People* v. *Megladdery,* 40 C.A. (2d) 748, 756.  *People* v. *McEntyre,* 32 C.A. (2d) 752, 762, 84 Pac. (2d) 560, 565;  *People* v. *Skoff,* 131 Cal. App. 235, 239;  *In Re De Voe,* 114 Cal. App. 730, 734;  *People* v. *Ellena,* 67 Cal. App. 683, 691;  *People* v. *Pang Sui Lin,* 15 Cal. App. 260, 263.

who, in reversing said judgment, ordered the holding of a new trial. This could clearly be done. Section 364 of the Code of Criminal Procedure.

Since the misconduct of a district attorney is not one of the grounds on which the lower court may grant the defendant a new trial, the decision appealed from should be reversed and the case remanded to said court for the pronouncement of sentence therein.