EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
RAFAEL FRATICELLI, acusado y apelante.

Núm. 13921.—*Sometido:* Junio 16, 1949. *Resuelto:* Julio 15, 1949.

*Luis A. Noriega,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo y Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Rafael Fraticelli fué convicto por un jurado de un delito de asesinato en primer grado. Antes de serle dictada sentencia presentó una "Moción sobre Nulidad de Veredicto y Solicitud de Nuevo Juicio", fundada en que uno de los jurados que entendió en el proceso estaba incapacitado para actuar como tal por razón de su edad, ya que a la fecha en que se juramentó como miembro del jurado que habría de conocer de su causa, contaba más de 70 años, y que por lo tanto el veredicto rendido resultaba contrario a derecho.

Luego de una vista en que se practicó prueba documental y testifical tanto del acusado como de El Pueblo de Puerto Rico, la corte inferior declaró sin lugar dicha moción, resolviendo, como cuestión de hecho, que el jurado objeto de impugnación, de nombre Juan Orta Pérez, y no Juan Acisclo Orta Pérez como sostenía el acusado, no había cumplido los 70 años de edad a la fecha en que se celebró el juicio, y que el acusado había renunciado a atacar la competencia del jurado al aceptar la capacidad del mismo tanto al constituirse el jurado como en la discusión de la moción sobre nulidad de veredicto y nuevo juicio; y, como cuestión de derecho, que el veredicto no era nulo por el fundamento aducido por el acusado de que un jurado no llenaba el requisito de edad exigido por la ley para actuar como tal.

De esa resolución apeló el acusado señalando tres como los errores cometidos por la corte inferior, a saber:

"(1) Al no resolver la moción planteada sobre nulidad de veredicto a pesar de la prueba sobre cuestiones de hecho presentadas por el acusado.

"(2) Al no tomar en consideración la situación de hechos planteada y aducida por el acusado y sostenida por cuestiones de derecho.

"(3) Al no·decretar la nulidad del veredicto y el nuevo juicio solicitado."

 Creemos innecesario considerar separadamente cada uno de los errores apuntados. Al igual que los fiscales de la corte inferior, los de este Tribunal correctamente plantean la improcedencia de una moción de nuevo juicio fundada en la incompetencia de uno de los miembros del jurado para servir como tal. Convenimos con ellos, y aun cuando procedería la confirmación de la resolución apelada por los motivos en ella consignados, sin embargo, en vista de la ley y la jurisprudencia, debemos fundar la confirmación de la misma en que bajo el artículo 303 del Código de Enjuiciamiento Criminal—equivalente al 1181 del Código Penal de California— que enumera taxativamente los motivos por los cuales la corte sentenciadora está justificada en conceder un nuevo juicio[1] éste puede ser concedido únicamente por tales motivos y por ninguno otro. *Pueblo* v. *Vega,* 69 D.P.R. 406; *People* v. *Amer* (1907), 151 Cal. 303, 90 P. 698; *People* v. *Skoff* (1933), 131 Cal. App. 235, 21 P.2d 118; *People* v. *Fry* (1934), 137 Cal. App. 525, 31 P.2d 204; *People* v. *Kingsbury* (1945), 70 C.A.2d 128, 160 P.2d 587; 8 Cal. Jur., sec. 442, pág. 414.

 La carencia de cualquiera de los requisitos legales para ser jurado competente (Artículo 225 del Código de

[1]"Artículo 303.—(*Enmendado según la Ley de 12 de marzo de 1908, pág. 55.*)—Cuando se hubiere dictado veredicto contra el acusado el tribunal podrá, al solicitarlo éste, conceder la celebración de nuevo juicio, pero sólo en los casos siguientes:

"1. Cuando el juicio se hubiere celebrado ·en ausencia del acusado y en la acusación se !ß imputare un delito muy grave (*felony*).

"2. Cuando el jurado hubiere recibido otras pruebas fuera del tribunal además de las que resultaren de la inspección ocular.

"3. Cuando los miembros del jurado se hayan disgregado sin el consentimiento del tribunal, después de haberse retirado para deliberar sobre su veredicto, o en el modo de conducirse hubieren cometido alguna falta que impidiere resolver la causa de una manera correcta y concienzuda.

"4. Cuando el veredicto se hubiere obtenido por suerte o cualquier otro medio que no fuere una expresión verdadera de la opinión de todos los miembros del jurado.

Enjuiciamiento Criminal) es uno de los fundamentos generales para recusar individualmente a un jurado. La recusación debe hacerse al presentarse el miembro del jurado, y antes de que se le tome juramento para entender en la causa, pero el tribunal puede, si para ello hubiere razón, permitir la recusación después del juramento pero antes de que el jurado se complete. Artículo 221 del Código de Enjuiciamiento Criminal. Cualquier objeción a la capacidad de un jurado debe deducirse antes de que sea definitivamente juramentado, y resulta tardía si se formula después del veredicto. *Spivey* v. *United States,* 109 F.2d 181, *cert.* den. 310 U.S. 631, 84 L. ed. 1401; *Hollingsworth* v. *Duane,* 4 U. S. 353, 1 L.ed. 864; *Durham* v. *State,* 188 S.W.2d 555, 160 A.L.R. 746; *State* v. *Buttry,* 90 P.2d 1026; *People* v. *Duncan,* 96 Pac. 414; *People* v. *McFarlane,* 71 Pac. 568, 61 L.R.A. 245; Anotación 116 A.L.R. 679.

■■ El acusado sostiene que, en su caso, la incompetencia del jurado hizo el veredicto "contrario a derecho", y que por tal motivo procedía la concesión de un nuevo juicio bajo el inciso 6 del artículo 303 del Código de Enjuiciamiento Criminal.

La frase "contrario a derecho" como fundamento para conceder un nuevo juicio significa *en contra de la ley* aplicable al caso, a la luz de la prueba sometida. No incluye el fundamento aducido por el acusado en cuanto a la incompe-

"5. Cuando el tribunal hubiere erróneamente informado al jurado acerca de algún punto de derecho, o se hubiere equivocado en la decisión de alguna cuestión legal surgida durante la sustanciación del juicio.

"6. Si el veredicto fuere contrario a derecho o a las pruebas.

"7. Si el acusado descubriere nuevas pruebas que pudieran favorecerlo, las cuales, a pesar de haber empleado la mayor actividad razonable, no le hubiera sido posible descubrir y aducir en la vista de la causa. Al solicitarse la celebración de un nuevo juicio basado en la existencia de nuevas pruebas, el acusado deberá presentar en la audiencia que se le conceda para sustentarlas, las declaraciones juradas de los testigos de quienes se espera la producción de las pruebas aludidas, y si necesitare tiempo para producir dichas declaraciones juradas, el tribunal puede diferir el proveer al escrito en que se pida la celebración del nuevo juicio, por el tiempo que, dadas todas las circunstancias, estime razonable."

312

téncia de un miembro del jurado por no reunir el requisito de edad. 8 Cal. Jur., sec. 445, pág. 419. En consecuencia, debemos declarar que la incompetencia de un jurado por carencia de uno de los requisitos fijados por el artículo 186 del Código de Enjuiciamiento Criminal, no es motivo para la concesión de un nuevo juicio y no puede plantearse por primera vez a través de moción a ese fin, *People* v. *McFarlane, supra; People* v. *Evans,* 124 Cal. 206, 56 P. 1024; *People* v. *O'Brien,* 88 Cal. 483, 26 P. 362; *People* v. *Samsels* (1884), 66 Cal. 99, 4 P. 1061; 8 Cal. Jur., sec. 443, pág. 416, aun cuando tal incompetencia no fuera conocida hasta después del juicio. *People* v. *Boren* (1903), 139 Cal. 210, 72 P. 899; *People* v. *Fair,* 43 Cal. 137; *People* v. *Duncan,* supra; 8 Cal. Jur., sec. 443, pág. 416.

*Por los fundamentos expuestos, procede confirmar la resolución apelada.*