THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MANUEL REYES OYOLA, Defendant and Appellant.

No. 15541. Argued March 2, 1954.—Decided April 9, 1954.

*Santos P. Amadéo, Rafael V. Pérez Marchand* and *Antonio José Amadéo* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Assistant Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

On November 17, 1939, Manuel Reyes Oyola was sentenced by the former District Court of Humacao to serve a life sentence for murder in the first degree, and another of fifteen years for attempt to kill. The appeals filed by Reyes Oyola were dismissed by this Court, for failure to serve the District Attorney with notice of appeal. On October 30, 1952, the San Juan Part of the Superior Court on petition of Reyes Oyola, set aside the two afore-mentioned sentences because defendant had not been represented by counsel when judgment was rendered.

On December 19, 1952, the day set by the Superior Court, Humacao Court, to render new judgments, Reyes Oyola filed a motion for new trial, on the ground that he intended to appeal from the judgments to be rendered, but that it was impossible for him to perfect his appeal "because the stenographic record could not be transcribed since the court stenographer, Mr. Gonzalo Arán, had died and because the notes taken by the trial judge did not appear in the Office of the Clerk." The Humacao Court denied the motion for new trial and Reyes Oyola has appealed to this Court.

The granting of a motion for new trial in criminal cases is governed by § 303 of the Code of Criminal Procedure, which provides:

"When a verdict has been rendered against the defendant, the court may, upon his application, grant a new trial, *in the following cases only:*

"1. When the trial has been had in his absence, if the information is for a felony;

"2. When the jury has received any evidence out of the court other than that resulting from a view of the premises;

"3. When the jury has separated without leave of the court, after retiring to deliberate upon their verdict, or been guilty of any misconduct by which a fair and due consideration of the case has been prevented;

"4. When the verdict has been decided by lot, or by any means other than a fair expression of opinion on the part of all the jurors;

"5. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial;

"6. When the verdict is contrary to law or evidence;

"7. When new evidence is discovered material to the defendant, and which he could not, with reasonable diligence, have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as, under all the circumstances of the case, may seem reasonable." (Italics ours.)

Although a different situation was involved, in *People* v. *Vega*, 69 P.R.R. 376, 379, where the ground for seeking a new trial was the alleged misconduct of a district attorney, upon construing § 303, the following was stated:

"The statute provides, therefore, in a clear and definite manner, that the grounds mentioned therein are the only ones upon which the trial court is justified in granting a new trial. In other words, by express provision of the statute, the lower court may not grant a new trial upon any other grounds, no matter what these may be. It is unquestionably a case of *expressio unius est exclusio alterius*. Is the improper conduct of a district attorney included among the above-mentioned grounds? That question must perforce be answered in the negative, since the clear language of the statute positively shows that such conduct is not one of the grounds on which a new trial may be granted. *Cf. People* v. *Abréu,* 5. P.R.R. 101, 103 (2d ed.)

"Section 303, *supra,* was a literal adaptation of § 1181 of the Penal Code of California. Construing said Section, the Supreme Court of that State, in *People* v. *Amer* (1907) 151 Cal. 303;

90 Pac. 698, held that in view of the positive and unambiguous language of the Section, it was clear that a motion for a new trial could be granted only in the cases therein mentioned, since the improper conduct of a district attorney did not appear in the statute *eo nomine* as one of the causes for which a new trial could be granted, nor the statute contained any ground which might possibly include said improper conduct.

"The case of *People v. Amer, supra,* was followed by innumerable decisions in that State, until in 1927 § 1181 of the Penal Code of California was amended to empower the trial court to grant a new trial *'when the district attorney or other counsel prosecuting the case has been guilty of prejudicial misconduct during the trial before a jury.'* So that on said state, in order that the trial court could grant a new trial on the above-mentioned ground, it was necessary to amend the statute. In Puerto Rico no similar amendment has been made. Section 303 subsists in the form in which it was originally enacted.

"In the State of Idaho—where the statute under which the trial courts may grant new trials contains an introductory statement identical with that set forth in § 303 of our Code of Criminal Procedure—it was also decided that the grounds specified by the statute are exclusive and can not be extended by the courts. *State v. Wilson,* 9 P. 2d 497, 499."

In *People v. Fraticelli,* 70 P.R.R. 288, 289, we held:

"We deem it unnecessary to consider separately each of the errors assigned. The Attorneys of this Court correctly contend, as was previously argued by the attorneys of the district court, that a motion for a new trial predicated on the unfitness of a member of the jury to act as such is not proper. We agree with them, and although the decision appealed from could be affirmed for the reasons set forth therein, we should, however, base its affirmance, in view of the law and the decisions, on the ground that under § 303 of the Code of Criminal Procedure—equivalent to § 1181 of the Penal Code of California—expressly enumerating the grounds upon which the trial court is justified in granting a new trial, a new trial can be granted only in such grounds and none other. *People v. Vega,* 69 P.R.R. 376; *People v. Amer* (1907), 151 C. 303, 90 P. 698; *People v. Skoff* (1933), 131 C.A. 235, 21 P. 2d 118; *People v. Fry* (1934), 137 C.A. 525, 31 P. 2d 204; *People v. Kingsbury* (1945), 70 C.A. 2d 128, 160 P. 2d 587; 8 Cal. Jur., § 442, p. 414."

In an opinion delivered by the Supreme Court of California on May 19, 1950, in *People* v. *Chessman*, 35 Cal. 2d 455, it was held that neither the death of a reporter nor the impossibility of procuring a transcript is a ground for granting a new trial. It was held that § 1181 of the Penal Code of California, which corresponds to § 303 of our Code of Criminal Procedure, provides that a motion for new trial may be granted only by virtue of the grounds enumerated in that Section, and that neither the death of a reporter nor the impossibility of procuring a transcript is included among the grounds expressly enumerated in that Section.

The ruling set forth in the afore-cited cases is consistent with the weight of authority in the United States. 39 Am. Jur. 51; 66 C.J.S. 66, 67, 103. We ratify the doctrine that, in criminal cases, the grounds enumerated in § 303 are to be deemed exclusive, and the Courts may not add any other grounds and that the situation which serves as ground for the motion for a new trial in the case at bar is not encompassed in any of the grounds enumerated in § 303. Therefore, the trial court acted correctly in dismissing the motion for new trial.

We do not agree with appellant's theory that the conclusion we have reached, or the doctrine we have adopted, involves a problem of constitutional invalidity. The granting of a new trial involves a privilege granted by law which may be limited, regulated or modified pursuant to the terms or conditions set forth by the legislature. 39 Am. Jur. 36. The alleged harshness or injustice in the omission of the grounds involved herein as a basis for a new trial is a matter to be considered by the legislature.

The judgment appealed from will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.