EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MANUEL REYES OYOLA, acusado y apelante.

Número 15541.
*Sometido:* 2 de marzo de 1954. *Resuelto:* 9 de abril de 1954.

*Santos P. Amadeo, Rafael V. Pérez Marchand* y *Antonio José Amadeo,* abogados del apelante; *Hon. Secretario de Justicia José Trías Monge* y *Rafael L. Ydrach Yordán, Fiscal Auxiliar, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

El día 17 de noviembre de 1939 Manuel Reyes Oyola fué condenado por la antigua Corte de Distrito de Humacao a cumplir dos sentencias, una de reclusión perpetua por el delito de asesinato en primer grado y otra de quince años por el delito de atentado a la vida. Unas apelaciones interpuestas por Reyes Oyola fueron desestimadas por este Tribunal, por no haberse notificado los escritos de apelación al Fiscal de Distrito. El 30 de octubre de 1952, la Sala de San Juan del Tribunal Superior, en virtud de una petición de Reyes Oyola, anuló las dos sentencias ya mencionadas, por no haber él estado representado por un abogado al dictarse las sentencias.

El 19 de diciembre de 1952, fecha señalada por la Sala de Humacao del Tribunal Superior para dictar nuevas sentencias, Reyes Oyola presentó una moción de nuevo juicio, por el fundamento de que él se proponía apelar de las sentencias que se dictasen, pero que le era imposible perfeccionar su recurso de apelación "debido a que no se podía transcribir el récord taquigráfico por haber muerto el taquígrafo Sr. Gonzalo Arán y por no existir en la Secretaría de la Corte las notas tomadas por el Juez sentenciador". Esa moción de nuevo juicio fué

declarada sin lugar por el tribunal de Humacao, y Reyes Oyola ha apelado ante este Tribunal de tal resolución denegatoria.

La concesión de mociones de nuevo juicio en casos criminales está gobernada por el artículo 303 del Código de Enjuiciamiento Criminal, que dispone lo siguiente:

"Cuando se hubiere dictado veredicto contra el acusado, el tribunal podrá, al solicitarlo éste, conceder la celebración de nuevo juicio, *pero sólo en los casos siguientes:*

"1. Cuando el juicio se hubiere celebrado en ausencia del acusado y en la acusación se le imputare un delito muy grave (*felony*).

"2. Cuando el jurado hubiere recibido otras pruebas fuera del tribunal, además de las que resultaren de la inspección ocular.

"3. Cuando los miembros del jurado se hayan disgregado sin el consentimiento del tribunal, después de haberse retirado para deliberar sobre su veredicto, o en el modo de conducirse hubieren cometido alguna falta que impidiere resolver la causa de una manera correcta y concienzuda.

"4. Cuando el veredicto se hubiere obtenido por suerte o cualquier otro medio que no fuere una expresión verdadera de la opinión de todos los miembros del jurado.

"5. Cuando el tribunal hubiere erróneamente informado al jurado acerca de algún punto de derecho, o se hubiere equivocado en la decisión de alguna cuestión legal surgida durante la sustanciación del juicio.

"6. Si el veredicto fuere contrario a derecho o a las pruebas.

"7. Si el acusado descubriere nuevas pruebas que pudieran favorecerle, las cuales, a pesar de haber empleado la mayor actividad razonable, no le hubiera sido posible descubrir y aducir en la vista de la causa. Al solicitarse la celebración de un nuevo juicio basado en la existencia de nuevas pruebas, el acusado deberá presentar en la audiencia que se le conceda para sustentarlas, las declaraciones juradas de los testigos de quienes se espera la producción de las pruebas aludidas, y si necesitare tiempo para producir dichas declaraciones juradas, el tribunal puede diferir el proveer al escrito en que se pida la celebración del nuevo juicio, por el tiempo que, dadas todas las circunstancias, estime razonable." (Bastardillas nuestras.)

Aunque estaba envuelta una situación distinta, refiriéndose el fundamento de una moción de nuevo juicio a la alegada conducta impropia de un fiscal, en el caso de *Pueblo* v. *Vega*, 69 D.P.R. 406, 409, se interpreta el artículo 303 transcrito y se indicó lo siguiente:

"El estatuto provee, pues, de manera clara y terminante, que los motivos en él mencionados son los únicos por los cuales la corte sentenciadora está justificada en conceder un nuevo juicio. En otras palabras, por disposición expresa del mismo la corte inferior no puede conceder un nuevo juicio por ningunos otros fundamentos, no importa cuáles éstos sean. Se trata incuestionablemente de un caso de *expressio unius est exclusio alterius*. ¿Está la conducta impropia de un fiscal incluída entre las modalidades arriba reseñadas? Necesariamente, hay que contestar esta pregunta en la negativa, ya que la letra clara del estatuto demuestra de manera palmaria que tal conducta no es una de las causas por las cuales pueda concederse un nuevo juicio. Cf. *Pueblo* v. *Abréu*, 5 D.P.R. 105, 107 (segunda edición).

"El artículo 303, supra, fué una adaptación literal del artículo 1181 del Código Penal de California. Interpretando el mismo, la Corte Suprema de dicho Estado en el caso de *People* v. *Amer*, (1907) 151 Cal. 303, 90 P. 698, resolvió que dado el contexto inequívoco y positivo del artículo, era claro que una moción de nuevo juicio podía concederse tan sólo en los casos en él mencionados, no figurando en el estatuto *eo nomine* la conducta impropia del fiscal como una de las causas por las cuales podía autorizarse un nuevo juicio, ni habiendo en él motivo alguno que posiblemente incluya tal conducta reprochable.

"El de *People* v. *Amer*, supra, fué seguido por innumerables casos del mismo Estado, hasta que en 1927 se enmendó allí el artículo 1181 del Código Penal de California, a fin de que la corte sentenciadora pudiera también conceder un nuevo juicio *'cuando el fiscal o cualquier representante del ministerio público sea culpable de conducta impropia durante el curso del juicio ante el jurado'*. Así pues, para que la corte sentenciadora pudiera en dicho Estado conceder un nuevo juicio por el fundamento indicado, fué necesario enmendar el estatuto. En Puerto Rico no se ha hecho una enmienda similar. Subsiste el artículo 303 en su forma originalmente aprobada.

"En el Estado de Idaho—donde el estatuto a virtud del cual las cortes sentenciadoras pueden conceder nuevos juicios con-

tiene un párrafo introductorio idéntico al del artículo 303 de nuestro Código de Enjuiciamiento .Criminal—se resolvió asimismo que los fundamentos especificados en el estatuto son exclusivos y no pueden ser ampliados por las cortes. *State* v. *Wilson,* 9 P.2d 497, 499."

En el caso de *Pueblo* v. *Fraticelli,* 70 D.P.R. 308, 310, resolvimos lo siguiente:

"Creemos innecesario considerar separadamente cada uno de los errores apuntados. Al igual que los fiscales de la corte inferior, los de este Tribunal correctamente plantean la improcedencia de una moción de nuevo juicio fundada en la incompetencia de uno de los miembros del jurado para servir como tal. Convenimos con ellos, y aun cuando procedería la confirmación de la resolución apelada por los motivos en ella consignados, sin embargo, en vista de la ley y la jurisprudencia, debemos fundar la confirmación de la misma en que bajo el artículo 303 del Código de Enjuiciamiento Criminal—equivalente al 1181 del Código Penal de California—que enumera taxativamente los motivos por los cuales la corte sentenciadora está justificada en conceder un nuevo juicio, éste puede ser concedido únicamente por tales motivos y por ninguno otro. *Pueblo* v. *Vega,* 69 D.P.R. 406; *People* v. *Amer,* (1907) 151 Cal. 303, 90 P. 698; *People* v. *Skoff,* (1933), 131 Cal. App. 235, 21 P.2d 118; *People* v. *Fry* (1934), 137 Cal. App. 525, 31 P.2d 204; *People* v. *Kingsbury* (1945), 70 C.A.2d 128, 160 P.2d 587; 8 Cal. Jur., sec. 442, pág. 414."

En una opinión emitida por la Corte Suprema de California el 19 de mayo de 1950, en el caso de *People* v. *Chessman,* 35 Cal.2d 455, se resolvió que ni la muerte de un taquígrafo ni la imposibilidad de preparar una transcripción de evidencia pueden servir de fundamento para la concesión de una moción de nuevo juicio. Se resuelve que el artículo 1181 del Código Penal de California, que corresponde al 303 de nuestro Código de Enjuiciamiento Criminal, establece que una moción de nuevo juicio puede concederse solamente en virtud de los fundamentos enumerados en ese artículo, y que ni la muerte de un taquígrafo ni la imposibilidad de preparar la transcripción de evidencia están incluídos en los fundamentos señalados específicamente en tal artículo.

La doctrina expuesta en los casos citados coincide con el peso de las autoridades en los Estados Unidos. 39 Am. Jur. 51; 66 C.J.S. 66, 67, 103. Ratificamos la tesis de que, en casos criminales, los fundamentos especificados en el artículo 303 son exclusivos y no pueden ser ampliados por las cortes, y que la alegación que le sirve de base a la moción de nuevo juicio en el caso de autos no es uno de los fundamentos enumerados en el artículo 303. Por lo tanto, actuó correctamente el tribunal a quo al declarar sin lugar la moción de nuevo juicio.

No estamos de acuerdo con la tesis del apelante al efecto de que el resultado a que hemos llegado, o la doctrina que hemos adoptado, envuelve problema alguno de invalidez constitucional. La concesión de un nuevo juicio envuelve un privilegio concedido por la ley que puede ser restringido, reglamentado o modificado de acuerdo con los términos o condiciones que señale el legislador. 39 Am. Jur. 36. La alegada severidad o injusticia de la omisión de los fundamentos aquí envueltos como base para la concesión de un nuevo juicio es cuestión a ser resuelta por el legislador.

*Debe confirmarse la resolución apelada.*
El Juez Asociado Sr. Negrón Fernández no intervino.