Pesante Martínez, Juez Ponente
*856 TEXTO COMPLETO DE LA SENTENCIA
Mediante la presentación del presente recurso de certiorari se nos plantea, si a la luz de la situación de hechos del caso ante nos, el Tribunal de Instancia cometió error al negarse a excluir del panel de jurados a dos (2) miembros de conformidad con la Regla 96(g) de las de Procedimiento Criminal. El error imputado en el recurso fue cometido. Expedimos el auto de certiorari solicitado y revocamos la resolución en controversia.
I
El Ministerio Público presentó contra Gamalier Piñero Molina, peticionario, acusaciones por alegados delitos de Robo, artículos 6 y 8 de la Ley de Armas de Puerto Rico.
Celebrados los trámites de rigor, la vista en su fondo quedó señalada para el 28 de enero de 1997. El peticionario, en el ejercicio de su derecho constitucional, optó porque sus casos se ventilaran ante jurado. Durante el proceso de desinsaculación del jurado y, habiendo la representación legal del acusado agotado dos (2) recusaciones perentorias, al examinar el último panel escogido, ésta solicitó que se excusara por recusaciones motivadas a dos jurados que no eran elegibles conforme la Regla 96(g)de las de Procedimiento Criminal. Basó su razón de pedir en que éstas dos personas contestaron en el "voir diré" que habían servido como jurados durante los años 1995 y 1996. Por tanto, estaban impedidos de servir como jurados por motivo de inelegibilidad puesto que habían servido en tal capacidad durante el año natural inmediatamente anterior. El Tribunal de Primera Instancia, Sala Superior de Caguas, declaró No Ha Lugar el planteamiento. Fundamentó su dictamen en que estos jurados eran voluntarios, que no se había demostrado que estas dos (2) personas estaban incapacitadas física o mentalmente para servir como jurados y en que no se probó violación alguna al debido proceso de ley que le asiste al acusado.
Insatisfecho con la determinación del Tribunal a quo, acudió ante nos mediante la presentación del certiorari de epígrafe, al que hizo acompañar de una Moción en Auxilio de Jurisdicción y solicitó la paralización de los procedimientos. Con carácter inmediato, paralizamos los procedimientos y emitimos a la Oficina del Procurador General una Orden para mostrar causa, si la hubiere, por la cual no debíamos revocar la resolución recurrida y le concedimos al Honorable Tribunal de Instancia 24 horas para que expusiera por escrito los fundamentos en los cuales basó su resolución. La Ilustrada Sala, en una bien fundamentada Resolución cumplió con lo requerido. De igual forma compareció la oficina del Procurador General. No obstante sus bien elaborados argumentos no nos persuaden y resolvemos según lo intimado.
n
Las Reglas de Procedimiento Criminal regulan la selección de jurados y lo concerniente a la preparación de listas de jurados de las cuales se sacarán los paneles que eventualmente juzgarán al acusado. En síntesis apretada el procedimiento es el siguiente: aproximadamente en junio de cada año, el Juez Administrador de cada una de las Salas del Tribunal Superior de Asuntos de lo Criminal nombrará una comisión cuyos integrantes se desempeñarán como comisionados de jurados. Estos ocuparan el cargo por un año. La función principal de estos funcionarios es preparar una lista definitiva de jurados tomando en consideración la población de cada municipio que compone la región judicial de forma tal que haya proporción entre la población municipal y la cantidad de jurados. Las personas cuyos nombres figuren en esta lista definitiva serán los jurados regulares de la región para la cual fueren elegidos y desempeñaran sus cargos por un (1) año y hasta elegirse sus sucesores. El comienzo de la vigencia de la antes aludida lista definitiva de jurados coincide con el comienzo del año fiscal.
La Regla 96 de Procedimiento Criminal, establece los requisitos de elegibilidad para poder actuar como jurados a saber:

"a) Ser ciudadano de los Estados Unidos y del Estado Libre Asociado de Puerto Rico.

b) Ser mayor de dieciocho (18) años.

c) Haber residido en Puerto Rico por un (1) año y en el distrito noventa (90) días antes de elegírsele e inscribir su nombre .en la lista de jurados.

*857
d) Saber leery escribir español.

e) No haber sido convicto de delito grave o de. cualquier otro, delito que envuelva depravación moral.

f) Hallarse en posesión de sus facultades físicas y mentales.

g) No haber sido designado para actuar como jurado en un panel regular en cualquier sala del Tribunal Superior o no haber servido como tal durante el año natural inmediatamente anterior."

Las causales de inelegibilidad que anteceden son más bien fundamentos para una recusación motivada. Tal aseveración tiene su apoyo en la Regla 121 de Procedimiento Criminal, 34.L.P.R.A. Ap. II R. 121, que en lo pertinente dispone:

"La recusación motivada de un jurado podrá hacerse por cualquiera de los siguientes fundamentos:

(a) Que no es elegible para actuar como tal

(b)...

(c)...

(d)...

(e)..."

De otra parte, el hecho de que un jurado haya intervenido en un juicio contra un acusado y resulte que es inelegible no conlleva necesaria o mandatoriamente la revocación de una convicción o la nulidad del proceso.
Lo anterior pudiera catalogarse como un error no perjudicial, excepción hecha de los casos en que se "demuestre que se hizo adversamente y con el propósito de perjudicar al acusado o fraudulentamente". Pueblo v. Laboy, 110 D.P.R 164,170 (1980). Nótese que lo anterior va predicado en el supuesto de que el planteamiento se haya hecho después de una convicción. Dicho de otra manera, la inelegibilidad de un jurado da lugar a que se le recuse motivadamente sin embargo, si en el juicio sirvió un jurado inelegible no se revocará la convicción a menos que por esa razón se haya violado el derecho del acusado a un juicio justo e imparcial. No obstante los tribunales y los comisionados de jurados deben encaminar todos sus esfuerzos en hacer valer los "preceptos directivos" contenidos en las Reglas de Procedimiento Criminal. Flexibilizar lo anterior pudiera resultar en una pérdida de confianza en la institución del jurado y en la incapacidad de un tribunal de garantizarle a un acusado el derecho a un juicio justo e imparcial. Véase Pueblo v. Beltrán, 73 D.P.R. 509 (1952); Pueblo v. Fraticelli, 70 D.P.R. 308 (1949); Chiesa Aponte, Ernesto, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Vol. III, Editorial Forum, 1993, págs. 376 a 380.
Habida cuenta que el haber sido designado para actuar como jurado en un panel regular en cualquier Sala Superior o haber servido como tal durante el año natural inmediatamente anterior da lugar a solicitar recusar motivadamente a un jurado, procede determinar el modo en que se habrá de computar dicho año. La regla en controversia no hace referencia ni al año calendario (1 de enero al 31 de diciembre) ni al año fiscal (1 de julio al 30 de junio), sino al año natural. Por año natural se ha de entender los 365 días naturales inmediatamente anteriores a la fecha en que el jurado compareció a servir por primera vez durante el año de vigencia de la actual lista definitiva de jurados. Véase Pueblo v. Rodríguez Zayas, Núm. KLCE-95-0245, Sentencia de 2 de mayo de 1995 del Circuito Regional de Ponce y Aibonito, Tribunal de Circuito de Apelaciones.
Finalmente, concluimos que la Regla 96(g) al referirse a "actuar como un jurado en un panel regular" no requiere que se le hubiese tomado juramento definitivo a este jurado sino que hubiese estado su nombre en la lista definitiva de jurados.
Cónsono con lo anterior, expedimos el auto de certiorari y revocamos la resolución recurrida. El Tribunal de *858 Primera Instancia, Sala Superior de Caguas, procederá a recusar motivadamente a los dos jurados y permitirá al acusado utilizar dos recusaciones perentorias sobre cualesquiera de los jurados seleccionados con posterioridad a habérsele negado las recusaciones motivadas.
Lo acordó el Tribunal y lo certifica la Secretaria General.
Notifíquese por facsímil y por la vía ordinaria.
Aida I. Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 18
1. 34 L.P.R.A. Ap. II, R.96.
2. Ambos jurados voluntariamente solicitaron que se les incluyera en la lista de jurados en 1995. Uno fue llamado e incluido en la lista de jurados en octubre de 1995 y el otro en noviembre del mismo año. De conformidad con la Regla 102 de Procedimiento Criminal, las personas cuyos nombres estuvieren comprendidos en la lista definitiva de jurados regulares desempeñarán sus cargos por un (1) año y hasta elegirse sus sucesores.
3. 34 L.P.R.A. Ap. II Reglas 96 a 108.
4. 34 L.P.R.A. Ap. II Regla 102.